JAMES A. CROOKER, petitioner for partition, *vs.* CHARLES CROOKER.

Whoever takes a title to real estate in litigation, *pendente lite*, will be bound by the judgment or decree in the suit.

ON REPORT.

PETITION FOR PARTITION of a certain parcel of land described in the petition, situate in the city of Bath. Petition dated April 10, 1866.

The petitioner introduced a copy of a judgment recovered April 19, 1858, in favor of one James Houdlette against one William D. Crooker; a copy of the execution issued thereon, dated April 27, 1858; a copy of a levy of the execution upon an undivided half of the land described in the petition, made May 17, 1858; a receipt of seisin and possession; and a copy from the registry showing the levy was duly recorded May 22, 1858. He also introduced a deed of warranty of the premises covered by the levy, dated August 8, 1865, from the judgment creditor, Houdlette, to the petitioner.

The respondent introduced a deed of warranty of the whole of the premises in controversy, dated Nov. 15, 1832, from Hannah Crooker to Charles Crooker, the respondent, and William D. Crooker; and a copy of the record of a bill in equity, and judgment thereon, *Charles Crooker* v. *William D. Crooker*, and certain creditors named, of the copartnership of C. & W. D. Crooker, (among whom was James Houdlette) filed Sept. 15, 1857 (*vide* 46 Maine, 250), in which was substantially alleged a former copartnership between Charles Crooker, the respondent, and William D. Crooker; that it was owing debts to a large amount in 1854, when it was dissolved, which were outstanding at the date of the bill; that its assets consisted mainly of parts of ships and parcels of land described (among which was the parcel in controversy), purchased on the account and credit of the copartnership, but conveyed to Charles Crooker and W. D. Crooker as tenants in common; that the

respondents in the bill, and, among others, James Houdlette (this petitioner's grantor) had brought actions against William D. Crooker, on debts incurred by the latter on his own individual account and credit, and in the prosecution of business, in which the said Charles Crooker had no interest; that the respondents in said bill attached, on the writs in said actions, all of William D. Crooker's interest in the said lands; that they threaten to levy their executions on William D. Crooker's interest; and that if they do so, one-half of the company assets will be absorbed, and the remainder be utterly insufficient to meet the copartnership debts. The prayer of the bill was, among other things, that the respondents therein be restrained from satisfying their judgments by levy on said lands, and that the attachments be dissolved. The record shows a service upon Houdlette, an answer filed by him, but withdrawn; that in July, 1860, the prayer of the bill was granted, and that one Caleb S. Jenks was duly appointed and authorized to act as receiver.

Caleb S. Jenks came in by leave of court, and defended in this petition, and introduced a deed to him as receiver from Charles Crooker and William D. Crooker, dated Nov. 14, 1866.

Charles Crooker testified that the consideration of the deed from Hannah Crooker to himself and William was paid from the store and property of C. & W. D. Crooker.

*J. S. Baker*, for the petitioner.

*Tallman & Larrabee*, for the respondent and Jenks.

WALTON, J. Whoever takes a title to property in litigation, *pendente lite*, will be bound by the judgment or decree in the suit. If the law were otherwise the whole object of a long and expensive course of litigation could, at any moment, be defeated by a transfer of the subject-matter of the suit. And as the records of our court are open to the inspection of all, and every one who chooses to do so can easily ascertain whether there is any suit pending which is likely to affect the title of property which he contemplates purchasing, there is no hardship in the rule. 1 Story's Equity, §§ 405, 406, and authorities there cited.

The title of James Houdlette (under whom the plaintiff claims) was acquired by a levy on the real estate in question, while a suit in equity was pending, the principal object of which was to restrain him and others from levying on this and other real estate, as the property of W. D. Crooker, it being alleged that it was the property of the firm of C. & W. D. Crooker, and was needed to pay the partnership debts; and in which suit a decree was finally obtained restraining Houdlette from making any such levy, and a sale of the property ordered for the benefit of the creditors of the firm. The suit referred to is reported in 46 Maine, 250.

So far as the rights of the parties to that suit are concerned, and the rights of the creditors for whose benefit in part it was prosecuted, the levy in question was a nullity, and the title to the real estate levied on did not pass to James Houdlette, and he could convey none to the plaintiff. The plaintiff's title, therefore, fails, and he cannot have the partition prayed for.

*Prayer of the petition denied.*

APPLETON, C. J.; KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.